**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| VINCENT BANKS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-2811-BAH |
| MANUFACTURERS AND TRADERS TRUST COMPANY, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Vincent Banks ("Banks") brought suit against Manufacturers and Traders Trust Company[1] ("M&T" or "Defendant") alleging claims arising out of M&T's handling of Banks' late wife's bank account. ECF 1. Pending before the Court are four motions. First, M&T filed a motion to dismiss. ECF 8. Banks filed a response, ECF 10, and M&T filed a reply, ECF 12. Next, Banks filed a "motion not to dismiss complaint and go for trial." ECF 13 (hereinafter "motion not to dismiss"). M&T then filed a motion to strike Banks' motion not to dismiss. ECF 14. Last, Banks filed a "motion to stay go to trial, 'not strike motion.'" ECF 15 (hereinafter "not strike motion"). All filings include memoranda of law, and several filings include exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, M&T's motion to dismiss is **GRANTED.**

---

[1] Plaintiff incorrectly named Defendant as "Manufactures Traders and Trust Company." ECF 1, at 1. The Court will direct the Clerk to correct Defendant's name on the docket to "Manufacturers and Traders Trust Company."

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Banks' motion not to dismiss is **DENIED**.  M&T's motion to strike and Banks' not strike motion are both **DENIED as MOOT**.

## I.    BACKGROUND

Banks alleges that his late wife was a "vulnerable adult." ECF 1, at 7.  Prior to her passing, Banks was "the individual holding all financial and medical powers" on his wife's behalf, as well as "the qualified beneficiary" to his wife's M&T bank account. *Id.* at 6.  On May 2, 2018, M&T "removed [Banks] from [his] wife's account, without [his] authorization." *Id.*  Specifically, Banks alleges that M&T altered a "banking instrument" by writing that Banks was "to be removed" from an "attorney-in-fact sheet." *Id.* at 7 (capitalization altered).  By doing so, Banks alleges that M&T "enabled [his] wife's sister to access [his wife's] funds and remove her from the state of Maryland through fraudulent means and with the intent to conceal her whereabouts." *Id.*  His wife was removed from Maryland "to Florida on or about July 9, 2018." *Id.*  According to Banks, this move "disrupt[ed] critically necessary medical care" for his wife and "ultimately accelerat[ed his] wife's decline and [contributed to her] death." *Id.*

Banks identifies "Maryland Code (Obligation of a Party) §§ 3-407(a)(i) and 3-407(a)(ii)" as the basis for his claims against M&T.[3] *Id.*  He also notes a violation of "§ 3-502(a)," associated with his wife's sister's "intent to conceal [his wife's] whereabouts." *Id.*  Finally, Banks asserts that his "complaint is not time-barred" because "it arises from a wrongful death caused by wrongful acts (§ 3-901(e)[)]." *Id.*  Banks seeks $875,000 in damages for "wrongful death through wrongful act, loss of companionship, comfort, and marital care." *Id.* at 8.  He also requests

---

[3] The Maryland Code is grouped by Articles, each containing enumerated Titles, Subtitles, and Sections.  For example, Maryland's wrongful death statute arises under § 3-901 of the Courts and Judicial Proceedings Article of the Maryland Code. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-901 et seq.  Banks fails to identify the Article(s) under which his claims arise, and therefore the Court is unable to discern the precise statutory sources for his claims.

2

$500,000 in damages for "[e]motional distress sustained by [his] wife." *Id.* And last, he seeks relief in the amount of $35,000 for "[t]heft from [his] bank account." *Id.*

Banks sued M&T in the Circuit Court for Baltimore City in November of 2023.[4] *See Banks v. Manufacturers & Traders Tr. Co.*, No. 1916, Sept. Term, 2024, 2025 WL 2659125, at *1 (Md. App. Sept. 17, 2025), *cert. denied*, 348 A.3d 892 (Md. 2025); *see also Banks v. Manufactures and Traders Trust Company et al.*, Civil Case No. C-03-CV-23-004444 (Cir. Ct. Baltimore City, Nov. 6, 2023), Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (Under "Case Number Search," enter case number "C03CV23004444"; then select "Search") (last visited June 16, 2026). The Circuit Court granted M&T's motion to dismiss in part and directed Banks to file an amended complaint to bring the claim in his capacity as personal representative of his wife's estate. *Banks*, 2025 WL 2659125, at *1. Banks did so. *Id.* The Circuit Court then granted summary judgment to M&T, and Banks appealed. *Id.* Banks filed this complaint in federal court on August 27, 2025. ECF 1. The Appellate Court of Maryland affirmed the Circuit Court's judgment on September 17, 2025. *Banks*, 2025 WL 2659125, at *1.

On October 14, 2025, M&T filed a motion to dismiss the federal action. ECF 8. Banks filed a response opposing dismissal on November 7, 2025, ECF 10, and M&T filed a reply on November 13, 2025, ECF 12. On December 2, 2025, Banks filed the motion not to dismiss. ECF

---

[4] "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). Here, Banks does not dispute the factual accuracy of the record in his previous suit against M&T and therefore, the Court takes judicial notice of it.

13. In response, M&T filed a motion to strike Banks' motion not to dismiss. ECF 14. Then, Banks filed the not strike motion on December 18, 2025. ECF 15.

The Court received correspondence from M&T's counsel on January 15, 2026, indicating that Banks had served M&T with "Requests for Admissions of Fact" on December 19, 2026, in an apparent attempt to commence discovery before a scheduling order issued. ECF 17, at 1. The Court ordered the parties to refrain from engaging in any discovery unless and until a scheduling order issued. ECF 18, at 1. Banks then submitted four filings in January and February of 2026: first, correspondence asking for a jury trial and requesting "permission to move for leave to amend based on 'discovery' and admissions," ECF 19, at 1;[5] second, a "reply to [M&T's] letter for a 'protective' order," ECF 20; third, correspondence requesting "just this one 'required disclosure'" pursuant to Fed. R. Civ. P. 26(a), ECF 21, at 1; and fourth, a request to issue a subpoena to the Baltimore County Department of Social Services, ECF 22, at 2.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial

---

[5] Although titled as a request for "permission to move for leave to amend," Banks does not request to amend his complaint anywhere in the body of the filing. *See* ECF 19, at 1–6. Moreover, the relief Banks requests at the end of the filing is not to amend the complaint, but rather a request that the Court "den[y] the defendant['s] motion to dismiss." *Id.* at 7.

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.   ANALYSIS

### A.   M&T's Motion to Dismiss (ECF 8)

M&T moves to dismiss the complaint on the grounds that Banks' claims are barred by *res judicata* and because the complaint otherwise fails to state a claim. ECF 8-1, at 1. Under the doctrine of *res judicata*, also referred to as claim preclusion, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that prior action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "The doctrine was designed to protect 'litigants from the burden of relitigating an identical issue with

the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (alteration in *Laurel Sand & Gravel*) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). "The preclusive effects of a state court judgment are determined by state law." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (citing *Laurel Sand & Gravel*, 519 F.3d at 162). "Because the Court applies the substantive law on res judicata from the forum in which the prior judgment was entered, the Court will apply Maryland law here." *Reid v. New Century Mortg. Corp.*, Civ. No. PX-18-233, 2018 WL 4538585, at *5 (D. Md. Sept. 20, 2018) (citation omitted). Under Maryland law,[6] claim preclusion has three elements: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Jones*, 444 F. App'x at 644 (quoting *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008)).

M&T contends that Banks is precluded from bringing this action because of his earlier litigation in state court. ECF 8-1, at 2. Banks counters that he was "prejudiced, in [his] opinion in the [state court] ruling and the hearing in general." ECF 10, at 1. He asserts that "the cases are not the same or even similar" because "this case is concerning the violation of civil rights of [him]self and [his] wife, Tanya Banks, a vulnerable adult." *Id.* at 5 (capitalization altered).

The Appellate Court of Maryland summarized the history and nature of Banks' state court litigation as follows:

---

[6] "[T]he elements for res judicata under Maryland law and federal law are essentially equivalent." *Reid*, 2018 WL 4538585, at *5 n. 11 (citing *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)).

> In November 2023, Appellant Vincent Banks sued Appellee Manufacturers and Traders Trust Company ("M&T"), in the Circuit Court for Baltimore County, alleging identity theft, fraud, and negligence. According to Banks, in May 2018, M&T allowed his late wife, who Banks claims was a vulnerable adult, to revoke a power of attorney that named him as her "attorney in fact." Banks alleged that this enabled his wife's aunt and sister to misappropriate $14,894.50 from her account. M&T moved to dismiss the complaint as time-barred by the statute of limitations and for failure to state a claim upon which relief could be granted. The circuit court dismissed Banks's claims of identity theft and fraud because the complaint did not allege any misrepresentations by any M&T employee. The court denied the motion as to Banks's negligence claim, however, because "there [was] a question of fact" about when Banks learned of the "misappropriation of funds." The court also directed Banks to amend the complaint to bring the claim in his capacity as Personal Representative of his wife's estate.
>
> Banks, in his capacity as Personal Representative of the Estate of Tanya Banks, eventually filed an amended complaint alleging the same three causes of action. M&T then moved for summary judgment, again arguing that the complaint was barred by the statute of limitations and failed to state a claim upon which relief could be granted. After a hearing, the court concluded that Banks's claims were time-barred and granted the motion. This appeal followed.

*Banks*, 2025 WL 2659125, at *1. The Appellate Court noted that "[a]t the hearing on M&T's motion, Banks admitted that he knew about the alleged misappropriation of his wife's money in August 2018," and found Banks "was therefore charged with inquiry notice, and the statute of limitations began running no later than August 14, 2018." *Id.* at *2. "As a result, Banks had until August 14, 2021, to file a complaint on behalf of his wife or her estate." *Id.*

The first element of *res judicata*—privity of parties—is met here. "Generally, the parties to a suit are those persons who are entered as parties of record." *Ugast v. La Fontaine*, 55 A.2d 705, 708 (Md. 1947). Banks has filed this federal action in his individual capacity. ECF 1, at 1–2. While Banks also initially filed the state court action on his own behalf, he later amended the complaint (when ordered to do so by the Circuit Court) to bring the action in his capacity as Personal Representative of the Estate of Tanya Banks. *See Banks*, 2025 WL 2659125, at *1. Banks' "capacity as a personal representative to [his wife's] estate is distinct from his individual

capacity as a party in this case." *McMillan-McCartney v. McMillan*, Civ. No. SAG-18-3331, 2019 WL 2524238, at *9 (D. Md. June 19, 2019).  Judgment was thus entered against Banks in his capacity as personal representative, not his individual capacity. *Banks*, 2025 WL 2659125, at *1. Nevertheless, "for the purpose of the application of the rule of res judicata, the term 'parties' includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies." *Ugast*, 55 A.2d at 708; *see also Tinsley v. SunTrust Bank*, No. 1887 Sept. Term 2014, 2016 WL 687545, at *4 (Md. App. Feb. 18, 2016) ("In this sense, Mr. Tinsley is not the same 'party' as the Tinsley Living Trust. Sameness of parties for purposes of *res judicata*, however, is determined differently, by including all persons who have a direct interest in the subject matter of the suit . . . .").  "So, where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties." *Ugast*, 55 A.2d at 708; *see also Pisner v. Rubinstein*, Civ. No. TDC-21-0020, 2022 WL 294826, at *5 (D. Md. Jan. 31, 2022), *aff'd sub nom. Pisner v. Rubenstein*, No. 22-1294, 2022 WL 3681660 (4th Cir. Aug. 25, 2022).

Here, the Court concludes that Banks in his individual capacity and Banks in his capacity as personal representative are the same for purposes of *res judicata*.  Banks had a direct interest in the state court suit that was equivalent to his interest as personal representative—obtaining a judgment against M&T to recoup the funds allegedly taken from his wife's bank account. *Cf. Tinsley*, 2016 WL 687545, at *4 (finding privity of parties where "[t]he Tinsley Living Trust was interested in the adjudication of the divorce action in the same manner as Mr. Tinsley").  Indeed,

Banks' interest in both suits is evident in his federal complaint. Banks alleges that he was "the individual holding all financial . . . powers and [] the qualified beneficiary" of his wife's account, ECF 1, at 6, and pursues $35,000 in damages for "theft" from said account, *id.* at 8. A finding that Banks' individual and representative capacities are the same for purposes of *res judicata* is bolstered by the fact that Banks initially filed his state court suit on his own behalf and exercised control over the entire litigation and appeal. *See Banks*, 2025 WL 2659125, at *1. Under these circumstances, the Court finds that Banks, in his individual capacity, had a "direct interest" in the state suit and took "substantial control of its prosecution," such that Banks' interests were adequately represented in the state court case. *Ugast*, 55 A.2d at 708. Privity of parties is established here. *Cf. Pisner*, 2022 WL 294826, at *5 (finding privity between a named-plaintiff trust in the first action and the individual bringing the subsequent action where, among other things, the trust was identified as "in care of" the individual, and the individual "appeared in court throughout the [first] case").

The second and third elements of *res judicata* are also met. "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel*, 519 F.3d at 162 (internal quotation marks omitted) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). "Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* (alteration in *Laurel Sand & Gravel*) (quoting *Tahoe Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)). The facts in Banks' state complaint and federal complaint are nearly identical and arise out of the same core of operative facts—namely, M&T allegedly

9

removing Banks as power of attorney from his late wife's account in May of 2018 and allowing

his wife's sister to access the funds in that account. ECF 1, at 7; *see also Banks*, 2025 WL 2659125,

at *1; *cf. Simera v. Morgan State Univ.*, Civ. No. CCB-21-440, 2022 WL 562643, at *4 (D. Md.

Feb. 24, 2022) (finding the first element of *res judicata* met where the factual allegations in the

two cases were "nearly identical"), *aff'd*, No. 22-1315, 2022 WL 2355486 (4th Cir. June 30, 2022).

The third element is also satisfied, as dismissal of claims on limitations grounds constitutes a final

judgment on the merits under Maryland law. *See Tang v. Schmoke*, Civ. No. SAG-22-00341, 2022

WL 2916375, at *3 (D. Md. July 25, 2022) ("[A] ruling on statute of limitations grounds under

Maryland law, constitutes a final judgment on the merits that is afforded preclusive effect." (citing

*N. Am. Specialty Ins. Co. v. Bos. Med. Grp.*, 906 A.2d 1042, 1052 (Md. App. 2006))), *aff'd*, No.

22-1889, 2023 WL 4074043 (4th Cir. June 20, 2023). As all three elements of *res judicata* are

met, Banks is precluded from bringing this action and it must be dismissed.[7]

### B.    Remaining Motions (ECFs 13, 14, and 15)

After M&T filed its reply, Banks filed a motion not to dismiss, ECF 13, which M&T

characterizes as an improperly filed surreply. ECF 14. As Banks' motion not to dismiss advances

---

[7] Even if Banks' claims were not barred by res judicata, the Court would still conclude that Banks' complaint should be dismissed for failure to identify viable causes of action under Maryland law, as noted above. *See supra* note 3; *see also Jenkins v. Tillbrook*, Civ. No. PX-18-565, 2018 WL 1570259, at *1 (D. Md. Mar. 30, 2018) ("Although a pro se plaintiff is afforded some latitude in pleading, the Complaint must nonetheless include sufficient information to identify the cause of action . . . ."). Moreover, Banks fails to address M&T's affirmative defense that all claims are time-barred. *See* ECF 8, at 10 (raising argument that claims are time-barred); ECF 13, at 4 (asserting in opposition that Banks was "totally oblivious" to M&T's alleged acts but not stating when he became aware of them). That Banks filed suit too late provided the basis for summary judgment in favor of M&T in Banks' original state case. *Banks*, 2025 WL 2659125, at *2. This ground might justify dismissal as well since it appears "that all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993) (emphasis in *Goodman*).

arguments further opposing M&T's motion to dismiss, the Court will construe it as a surreply. *See* ECF 13, at 2.    *Hall v. Prince George's Cnty.*, 189 F. Supp. 2d 320, 321 n.1 (D. Md. 2002) (construing a filing as a surreply based on its explicit reference to a reply memorandum).  Banks also filed a "not strike motion," which the Court construes as an opposition to M&T's motion to strike. *See* ECF 15, at 2 (responding to "M&T Banks motion to strike" (capitalization altered)).

A surreply may not be filed without leave of court.  Loc. R. 105.2(a) (D. Md. 2025) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Banks did not request leave to file a surreply, nor has he specified any new matters that he needed to address from M&T's reply brief. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).  Indeed, M&T's reply briefly summarizes and reiterates the arguments made in its motion to dismiss. *See* ECF 12, at 1–3.

Because Banks' surreply is improperly filed and does not alter the Court's conclusion that dismissal is required here, the Court will deny Banks' motion not to dismiss.  Accordingly, M&T's motion to strike and Banks' not strike motion will both be denied as moot. *Cf. Doe v. Bd. of Educ. of Prince George's Cnty.*, 982 F. Supp. 2d 641, 664 (D. Md. 2013) (denying plaintiffs' motion for leave to file a surreply as well as defendants' motion to strike surreply and noting that "surreplies are disfavored in this District and the surreply would not alter the Court's analysis" (alteration omitted) (quoting *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013))), *aff'd*, 605 F. App'x 159 (4th Cir. 2015).

11

## IV.   CONCLUSION

For the foregoing reasons, M&T's motion to dismiss, ECF 8, is GRANTED.   Banks' motion not to dismiss, ECF 13, is DENIED.   M&T's motion to strike, ECF 14, and Banks' not strike motion, ECF 15, are DENIED as MOOT.

A separate implementing order will issue.

Dated: June 23, 2026

_____/s/_____

Brendan A. Hurson
United States District Judge